
FILED
2013 Nov-07 PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


RICHARD TUCKER and PATRICIA   }
COOPER,                       }
                              }
     Plaintiffs,              }     CIVIL ACTION NO.
                              }     2:13-CV-01857-WMA
v.                            }
                              }
NORTHBROOK INDEMNITY COMPANY, }
                              }
     Defendant.               }
```

**<u>MEMORANDUM OPINION</u>**

Before the court is the motion of plaintiffs, Richard Tucker and Patricia Cooper, to remand the above entitled consolidated action to the Alabama state court in which it originated.  For the reasons that follow, the motion will be granted.

The case was removed to this court by defendant, Northbrook Indemnity Company, based on the alleged existence of diversity jurisdiction under 28 U.S.C. § 1332.  *See* Def.'s Notice of Removal (Doc. 1) ¶¶ 15-25.  The issue of subject matter jurisdiction revolves around the requirement in § 1332(a) that the "matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs."  There is no dispute about the fact that the citizenship of the parties is diverse.  Defendant argues that because the two plaintiffs are husband and wife under a common law marriage, and because they have an "undivided interest" in the fruits of the two $50,000 insurance policies at

1

issue, their claims can be aggregated to satisfy the amount-in-controversy requirement. *See* Def.'s Notice of Removal ¶¶ 20-21. Plaintiffs respond with the argument that their monetary claims cannot be aggregated because each makes "separate, individual, and distinct claims." Pls.' Motion to Remand (Doc. 5) ("Pls.' Mot.") at 2.

   Plaintiffs' said counter-argument is totally unnecessary. The court need not reach the aggregation question because each plaintiff's complaint separately satisfies the amount-in-controversy requirement. As plaintiffs briefly admit in their alternative argument, *id.* at 7-9, the amount-in-controversy requirement includes all possible damages recoverable, including punitive damages. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("[T]he question remains whether it is apparent to a legal certainty from the complaint that [plaintiff] could not recover . . . sufficient punitive damages to make up the requisite [amount-in-controversy]."); *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) ("Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases."). The "legal certainty" that there could not be sufficient punitive damages to take the recovery beyond $75,000 is virtually impossible to demonstrate. As this court held in *Smith v. State Farm Fire & Casusalty Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala.

2

2012), "[t]he court is willing to go so far as to inform plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, [that they] must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.").

From the very beginning of these actions, both plaintiffs have claimed not only breach-of-contract for benefits under the insurance policies, Tucker Compl. ¶ 5(a); Cooper Compl. ¶5(a), but punitive damages arising from alleged bad faith failure to pay, Tucker Compl. ¶ 7, Cooper Compl. ¶ 7.  Alabama recognizes that "[punitive damages] recovery for the tort of an insurer's bad-faith failure to pay a claim[] appears now with great frequency." *Employees' Benefit Ass'n v. Grissett*, 732 So. 2d 968, 978 (Ala. 1998).  And while the exact scope of punitive damages allowed without violating due process remains ever elusive, the Alabama Supreme Court has "found constitutionally acceptable ratios ranging from 1:1 to 121:1."  *Id.* at 979.  In this case, the parties agree that the maximum value of the insurance policies for each plaintiff is $50,000, so that a punitive award of only 0.5:1 would easily achieve the $75,000 amount-in-controversy requirement.

Because the existence of the over $75,000 amount-in-

controversy was evident from the moment the complaints were filed, defendant was required to remove within 30 days of the service of the complaints.  *See* 28 U.S.C. § 1446(b)(1) ("[N]otice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ").  The last served complaint in this case was received by defendant on June 21, 2013.  *See* Notice of Service, Def.'s Notice of Removal Ex. 1, at 19-22.  The notice of removal was filed on October 7, 2013, more than two months past the expiration of the 30 day period.  Defendant erroneously believed that "[t]his matter was not initially removable because Plaintiffs . . . initially filed two separate lawsuits," and because neither case satisfied the amount-in-controversy requirement.  Def.'s Notice of Removal ¶ 1.  Defendant alleges that the requisite amount-in-controversy did not appear until September 7, 2013, when the Circuit Court of Jefferson County (Bessemer Division) consolidated the two cases.  *See id.*  Defendant made this hopeful assumption despite the straightforward prayers for punitive damages in both original complaints.  The clear facial possibility of an award exceeding $75,000 in each case was an alarm bell.  It triggered the 30 day removal period.

   Because defendant failed to remove within 30 days of being

4

served with the complaint, as required under 28 U.S.C. § 1446, removal to this court was improper, and the case must be remanded to the state court from which it came.  The court will contemporaneously issue an order consistent with this opinion.

DONE this 7th day of November, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE